UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN L. MEININGER, as Chapter 7
Trustee of the estate of DAMIR MUJIC and
ELIDA MUJIC,

    Plaintiff,

v.                                                                                         CASE NO.: _____

TARGET NATIONAL BANK, a national
bank,

    Defendant.                                                             JURY TRIAL DEMANDED
_____/

## COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND TELEPHONE CONSUMER PROTECTION ACT

**COMES NOW** Plaintiff, Stephen L. Meininger, the Chapter 7 Trustee of the bankruptcy estate of Damir Mujic and Elida Mujic, by and through the undersigned law firm, and sues Defendant, Target National Bank, a national bank, and alleges as follows:

### PRELIMINARY STATEMENT

1. On or about April 23, 2010 (the "Petition Date"), the Debtors, Damir Mujic and Elida Mujic, filed a petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") currently pending in Bankruptcy Court.

2. Plaintiff brings this action pursuant to Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA") and 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA").

## JURISDICTION AND VENUE

3. The Court has jurisdiction and it is proper for this Court to hear this proceeding pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1334.

## PARTIES

4. Plaintiff, Stephen L. Meininger ("Plaintiff" or "Trustee") is the Chapter 7 Trustee of the bankruptcy estate of Damir Mujic ("Mr. Mujic") and Elida Mujic ("Mrs. Mujic," collectively with Mr. Mujic, the "Mujics" or "Debtors"). Mujics are natural persons resident in the City of St Petersburg, County of Pinellas, State of Florida and are "consumer(s)" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2), and are "person(s)" as provided by 47 U.S.C. § 227(b)(1) and under Fla. Stat. § 559.72.

5. Defendant, Target National Bank, a national bank, together with its collecting agents ("Defendant" or "Target") doing business in the State of Florida is a "creditor" as that term is defined by 15 U.S.C. § 1692a(4) and Fla. Stat. § 559.55(3), and is a "person" as provided by 47 U.S.C. § 227(b)(1) and under Fla. Stat. § 559.72.

6. All conduct of Defendant alleged herein by Plaintiff was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or knew in advance that the Defendant was likely to conduct itself and allowed it to so act with conscious disregard of the rights and safety of others. The conduct alleged herein was despicable, fraudulent, oppressive, and done knowingly with intent, with malice, and without cause.

7. The Defendant's communications set forth below were made only to exhaust the unpaying resisting Debtor's will in an attempt to break the Debtor and have Debtor pay amounts owed long after the Debtor was given all necessary information and persuasion and negotiation

failed, as demonstrated by Debtor expressly communicating to the Defendant to stop calling Debtor.

8. The Defendant's communications set forth below are wholly without excuse.

9. At all times mentioned herein, the agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendant. Each such entity acted as a co-actor in an enterprise to unlawfully attempt to collect debts from Debtors.

## FACTUAL ALLEGATIONS

10. Debtors are alleged to owe Defendant debts (the "Alleged Debt") including without limitation debts on Schedule F of the Debtors' bankruptcy schedules bearing account number ending 9580 in the amount of $2,000.14.

11. The Section 341 Meeting of the Creditors (the "341 Hearing") for the pending bankruptcy was held on May 27, 2010.

12. Defendant made multiple collection calls each day on multiple days in multiple weeks over multiple months from February 1, 2010 through April 22, 2010 (the "Collection Calls") to Debtors attempting to collect the Alleged Debt.

13. It was the substance of the testimony of the Debtors, <u>sworn</u> <u>and</u> <u>under</u> <u>oath</u> at the 341 Hearing, that:

    a) Defendant made five or more Collection Calls to Debtors each day, every day;

    b) Defendant made Collection Calls to Debtors after Debtors told Defendant that Debtors could not pay the Alleged Debt;

    c) Defendant made Collection Calls to Debtors after Debtors told Defendant to stop calling Debtors regarding the Alleged Debt;

d) Defendant made a morning and an afternoon Collection Call to Debtors' cell phone every day after Debtors told Defendant to stop calling Debtors' cell phone;

e) Defendant made five to six Collection Calls to Debtors at Debtors' place of employment after Debtors told Defendant that Defendant was not allowed to contact Debtors at their place of employment;

f) Defendant made Collection Calls to Debtors' place of employment telling Debtors' secretary that Defendant was attempting to collect a debt from Debtors;

g) Defendant made ten Collection Calls to Debtors after 9:00 p.m. and before 8:00 a.m., specifically Collection Calls at 7:00 a.m. and 10:00 p.m., telling Debtors that Defendant would continue to call Debtors until Debtors paid the Alleged Debt.

14. Defendant: (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from February 1, 2010 through April 22, 2010 to Debtors attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtors each day, every day; (3) made Collection Calls to Debtors after Debtors told Defendant that Debtors could not pay the Alleged Debt; (4) made Collection Calls to Debtors after Debtors told Defendant to stop calling Debtors regarding the Alleged Debt; (5) made two Collection Calls to Debtors' cell phone every day, for a total of more than fifty Collection Calls to Debtors' cell phone after Debtors told Defendant to stop calling Debtors' cell phone; (6) made five to six Collection Calls to Debtors at Debtors' place of employment after Debtors told Defendant that Defendant was not allowed to contact Debtors at their place of employment; (7) made Collection Calls to Debtors' place of employment telling Debtors' secretary that Defendant was attempting to collect a debt from Debtors; and (8) made ten Collection Calls to Debtors after 9:00 p.m. and before 8:00 a.m., specifically Collection Calls at 7:00 a.m. and 10:00 p.m., misrepresenting the

law and telling Debtors that Defendant could continue to call Debtors until Debtors paid the Alleged Debt.

## COUNT I

## VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT, FLA. STAT. § 559.55 *et seq.* AS TO DEFENDANT TARGET

15. This is an action against Defendant for violations of Fla. Stat. § 559.55 *et seq*.

16. Plaintiff realleges and incorporates paragraphs 1 through 14 as if fully set forth herein.

17. Defendant is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Fla. Stat. §559.55 *et seq*.

18. Defendant communicated certain information to Debtors, as set forth in the above Factual Allegation paragraphs, which constitutes "communication" as defined by Fla. Stat. § 559.55(5).

19. Fla. Stat. § 559.72(5) provides in pertinent part:

In collecting consumer debts, no person shall:

(5) Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

20. Defendant violated Fla. Stat. § 559.72(5) when Defendant: (1) made multiple Collection Calls on multiple days in multiple weeks over multiple months from February 1, 2010 through April 22, 2010 to Debtors attempting to collect the Alleged Debt; and (2) made Collection Calls to Debtors' place of employment telling Debtors' secretary that Defendant was attempting to collect a debt from Debtors; which is a disclosure, to a person other than Debtors or Debtors' family, of information affecting the Debtors' reputation, with knowledge or reason to

know that there was no legitimate business need for the information or that the information was false.

21. Fla. Stat. § 559.72(7) provides in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

22. Defendant violated Fla. Stat. § 559.72(7) when Defendant: (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from February 1, 2010 through April 22, 2010 to Debtors attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtors each day, every day; (3) made Collection Calls to Debtors after Debtors told Defendant that Debtors could not pay the Alleged Debt; (4) made Collection Calls to Debtors after Debtors told Defendant to stop calling Debtors regarding the Alleged Debt; (5) made two Collection Calls to Debtors' cell phone every day, for a total of more than fifty Collection Calls to Debtors' cell phone after Debtors told Defendant to stop calling Debtors' cell phone; (6) made five to six Collection Calls to Debtors at Debtors' place of employment after Debtors told Defendant that Defendant was not allowed to contact Debtors at their place of employment; (7) made Collection Calls to Debtors' place of employment telling Debtors' secretary that Defendant was attempting to collect a debt from Debtors; and (8) made ten Collection Calls to Debtors after 9:00 p.m. and before 8:00 a.m., specifically Collection Calls at 7:00 a.m. and 10:00 p.m., misrepresenting the law and telling Debtors that Defendant could continue to call Debtors until Debtors paid the Alleged Debt; all of which is a willful communication with the Debtors with such frequency that Defendant could reasonably expect

such communication to harass Debtors or Debtors' family, or which is a willful engagement by Defendant in other conduct, including violation of the TCPA, which could reasonably be expected to abuse or harass Debtors or Debtors' family.

23. Fla. Stat. § 559.72(9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

24. Defendant violated Fla. Stat. § 559.72(9) when Defendant: (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from February 1, 2010 through April 22, 2010 to Debtors attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtors each day, every day; (3) made Collection Calls to Debtors after Debtors told Defendant that Debtors could not pay the Alleged Debt; (4) made Collection Calls to Debtors after Debtors told Defendant to stop calling Debtors regarding the Alleged Debt; (5) made two Collection Calls to Debtors' cell phone every day, for a total of more than fifty Collection Calls to Debtors' cell phone after Debtors told Defendant to stop calling Debtors' cell phone; (6) made five to six Collection Calls to Debtors at Debtors' place of employment after Debtors told Defendant that Defendant was not allowed to contact Debtors at their place of employment; (7) made Collection Calls to Debtors' place of employment telling Debtors' secretary that Defendant was attempting to collect a debt from Debtors; and (8) made ten Collection Calls to Debtors after 9:00 p.m. and before 8:00 a.m., specifically Collection Calls at 7:00 a.m. and 10:00 p.m., misrepresenting the law and telling Debtors that Defendant could continue to call Debtors until Debtors paid the Alleged Debt; all of which is an assertion of the existence of the legal right to attempt to collect the Alleged Debt by including violations of the

TCPA, and by unfair and deceptive practices, which are rights Defendant knows do not exist, in violation of the FCCPA including Fla. Stat. § 559.72(9).

25. Fla. Stat. § 559.72 (17) provides in pertinent part:

In collecting consumer debts, no person shall:

(17) Communicate with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor…

26. Defendant violated Fla. Stat. § 559.72(17) when Defendant: (1) made multiple Collection Calls on multiple days in multiple weeks over multiple months from February 1, 2010 through April 22, 2010 to Debtors attempting to collect the Alleged Debt; and (2) made ten Collection Calls to Debtors after 9:00 p.m. and before 8:00 a.m., specifically Collection Calls at 7:00 a.m. and 10:00 p.m., misrepresenting the law and telling Debtors that Defendant could continue to call Debtors until Debtors paid the Alleged Debt; which are communications with Debtors between 9 p.m. and 8 a.m. without Debtor's prior consent.

27. As a result of the above violations of the FCCPA, Debtors have been damaged including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life and Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to the FCCPA, Fla. Stat. § 559.77(2).

28. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of the Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

29. All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against the Defendant finding that the Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary or appropriate.

## COUNT II

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *et seq.* AS TO DEFENDANT TARGET

30. This is an action against Defendant for violations of 47 U.S.C. § 227 *et seq.*

31. Plaintiff re-alleges and reincorporates paragraphs 1 through 14, as if fully set forth here-in.

32. Defendant, in the conduct of its business, uses an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1)(A) to communicate with debtors.

33. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call using any automatic telephone system or an artificial or prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

34. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) Defendant: (1) made multiple Collection Calls on multiple days in multiple weeks over multiple months from February 1, 2010 through April 22, 2010 to Debtors attempting to collect the Alleged Debt; and (2) made two Collection Calls to Debtors' cell phone every day, for a total of more than fifty Collection Calls to Debtors' cell phone, after Debtors told Defendant to stop calling Debtors' cell phone; which is Defendant's use of an automatic telephone dialing system to make multiple Collection Calls to

Debtors on Debtors' personal cell phone after Debtors told Defendant that Defendant did not have permission to call Debtors.

35. Defendant willfully, knowingly, and intentionally made multiple Collection Calls to Debtors' personal cell phone utilizing an automatic telephone dialing system after Debtors told Defendant that Defendant did not have permission to call Debtors.

36. All conditions precedent to this action have occurred, have been satisfied or have been waived.

37. As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

38. Based upon the willful, knowingly, and intentional conduct of the Defendant as described herein, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against the Defendant: (1) finding Defendant violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Defendant willfully, knowingly and intentionally violated 47 U.S.C. § 227 *et seq.* and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7 and Fed. R. Civ. P. 38.

Dated: April 19, 2012

Respectfully Submitted,

**LASH & WILCOX PL**
4401 W. Kennedy Blvd., Suite 210
Tampa, FL   33609
Phone: 813.289.3200
Facsimile: 813.289.3250

_____
**THOMAS A. LASH, ESQ.**
Florida Bar No. 849944
e-mail: tlash@lashandwilcox.com
Attorney for the Trustee